UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robin Smith,<br><br>Plaintiff,<br><br>v.<br><br>James Mendrick, et al.,<br><br>Defendant(s). | Case No. 19-cv-07319<br><br>consolidated with 19-cv-7652<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robin Smith alleges that he has experienced various constitutional and statutory injuries as a pretrial detainee at DuPage County Jail. He sues the DuPage County Sheriff, James Mendrick, Chief Deputy Sheriff Anthony Romanelli, the DuPage County Jail, and three healthcare professionals pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, and the Religious Land Use and Institutionalized Personal Act (RLUIPA).

Defendants Mendrick, Romanelli, and the DuPage County Jail have moved to dismiss the claims against them. [44]. For the reasons explained below, this Court grants in part and denies in part their motion.

**I. Background**

This Court accepts as true the following factual allegations from the amended complaint [31]. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

Plaintiff is an inmate in pretrial detention at DuPage County Jail. [31] ¶ 1. Defendant James J. Mendrick is the DuPage County Sheriff whom Plaintiff sues in

1

only his official capacity. *Id.* ¶ 8. Defendant Chief Deputy Sheriff Anthony Romanelli serves as the Corrections Bureau Chief at DuPage County Jail. *Id.* ¶ 9. Plaintiff also names as a Defendant the DuPage County Jail. *Id.* ¶ 14. The remaining Defendants, who have not moved to dismiss, are: Nury Y. Marcelo, the Director of Nursing at the DuPage County Jail; Defendant Alma Martija, a medical doctor who has worked at the DuPage County Jail; and Defendant James Corcoran, a psychiatrist at DuPage County Jail. *Id.* ¶¶ 10–12. Plaintiff sues Romanelli, Marcelo, Martija, and Corcoran in their individual and official capacities. *Id.* ¶¶ 9–12.

Plaintiff suffers from various ailments and physical disabilities, including: (1) arthritis and/or other chronic ailments limiting his ability to perform day-to-day activities; (2) bipolar schizophrenia; (3) compromised vision and vision-related migraines; and (4) fungal infections. *Id.* Plaintiff claims that despite his requests, Defendants have refused to provide treatment and/or accommodations for his ailments and disabilities. *Id.* ¶ 2. Plaintiff also asserts that he sincerely holds a belief in Islam and that he requested an accommodation from jail officials to eat a halal meal after sundown during the duration of Ramadan. *Id.* ¶ 50. Although the jail allowed him to eat after sundown, it did not provide him with full-sized, halal meals. *Id.* ¶ 51.

To redress his alleged injuries, Plaintiff brings an eight-count complaint for: failure to treat arthritis and other physical disabilities against Mendrick, Martija, Marcelo, and DuPage County Jail pursuant to section 1983 (Count I); failure to treat his mental health issues against Corcoran, Mendrick, and DuPage County Jail

2

pursuant to section 1983 (Count II); failure to treat or accommodate his vision and migraine issues against Martija, Mendrick, Marcelo, Romanelli, and DuPage County Jail pursuant to section 1983 (Count III); violation of the ADA against DuPage County Jail, Mendrick, and Marcelo (Count IV); violation of the Rehabilitation Act against Mendrick and DuPage County Jail (Count V); failure to treat his fungal infection against Martija pursuant to section 1983 (Count VI); violation of the RLUIPA against Mendrick and DuPage County Jail (Count VII); and violation of the free exercise clause of the First Amendment against Mendrick and DuPage County Jail pursuant to section 1983 (Count VIII).

Defendants Corcoran, Marcelo, and Martija have answered the amended complaint. [47]. Defendants Mendrick, Romanelli, and DuPage County Jail have moved to dismiss the claims against them. [44].

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), "the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-

pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Degroot v. Client Servs., Inc.*, 977 F.3d 656, 659 (7th Cir. 2020). A plaintiff need not plead "detailed factual allegations," but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek*, 8 F.4th at 586–87 (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

### III. Analysis

#### A. DuPage County Jail

Initially, Defendant DuPage County Jail moves to dismiss on the basis that the "DuPage County Jail" is not a legal entity that can be sued. [44] at 3–4. This Court agrees that DuPage County Jail is not a proper defendant in this case.

First, it is well-settled that, unlike municipalities, a jail constitutes a "non-suable entity" under section 1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also, e.g.*, *Ojeda v. Kramer*, No. 15 CV 7309, 2017 WL 1250834, at

4

*4 (N.D. Ill. Apr. 5, 2017) ("As a division of the Kane County Sheriff's Office, the Kane County Jail itself is not a suable entity" under section 1983).

Moreover, the only proper defendant for ADA and Rehabilitation Act claims in the carceral context is the "relevant [governmental] department or agency . . . or its director, acting in his or her official capacity." *Flores v. Lamb*, No. 18-CV-523-DRH, 2018 WL 1933061, at *4 (S.D. Ill. Apr. 24, 2018); *see Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 & n.2 (7th Cir. 2012). As the Sheriff, Mendrick is the official overseeing operations at DuPage County Jail. *See DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 (7th Cir. 2000); *see also Eason v. Pritzker*, No. 18-CV-2553, 2020 WL 6781794, at *6 (N.D. Ill. Nov. 18, 2020) (noting that an Illinois county sheriff was "responsible for overseeing the general conditions of confinement at the jail") (quoting *Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *4 (N.D. Ill. Dec. 23, 2013)); *Leinenweber v. DuPage County*, No. 08 CV 3124, 2009 WL 458622, at *3 (N.D. Ill. Feb. 23, 2009) ("The responsibility for maintaining the jail and setting jail policies rests with the county sheriff."). Thus, Mendrick is the only proper defendant against whom Plaintiff can assert his ADA and Rehabilitation Act claims.[1]

Further, the RLUIPA does not permit a cause of action against defendants in their individual capacities, nor does it authorize claims for money damages; instead, the statute recognizes only claims for prospective injunctive relief against a defendant acting in his or her official capacity. *See Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *West v. Grams*,

---

[1] For this reason, this Court also dismisses Defendant Marcelo from Count IV (Plaintiff's ADA claim).

607 F. App'x 561, 566 (7th Cir. 2015). Thus, again, Mendrick is the only proper RLUIPA defendant in this case. *See Kyles v. Gladieux*, No. 1:19-CV-450-WCL-SLC, 2020 WL 3498432, at *2 (N.D. Ind. June 29, 2020) (holding that a county sheriff, in his official capacity, is the proper RLUIPA defendant).

In sum, DuPage County Jail does not constitute a proper defendant for any of the claims Plaintiff asserts in his amended complaint. This Court therefore dismisses DuPage County Jail from this case.

### B. Personal Involvement

Next, Defendants Mendrick and Romanelli argue that Plaintiff's section 1983 claims against them fail because Plaintiff has not sufficiently pled their personal involvement with Plaintiff's alleged constitutional injuries. [44] at 4–7. Defendants correctly recognize that individual liability under section 1983 requires personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

But Defendants' arguments concerning personal involvement are misplaced as to Mendrick. The amended complaint sues Mendrick in only his official capacity as DuPage County Sheriff. [31] ¶ 8. Because an "official capacity suit is the same as a suit against the entity of which the officer is an agent," *Serio v. Rauner*, No. 15 C 6262, 2018 WL 4409389, at *6 (N.D. Ill. Sept. 17, 2018) (quoting *DeGenova*, 209 F.3d at 974 n.1), Plaintiff need not allege Mendrick's personal involvement in his alleged constitutional injuries, *Everett v. Baldwin*, No. 13 C 04697, 2016 WL 8711476, at *6 (N.D. Ill. Jan. 15, 2016).

6

As to Romanelli, Plaintiff asserts a section 1983 claim against him in both his individual and official capacities. [31] ¶ 9 & Count III. Thus, to state cognizable section 1983 claims against Romanelli individually, Plaintiff must allege his personal involvement. *Perez*, 792 F.3d at 781. The amended complaint's references to Romanelli's personal involvement comes from paragraphs 41, 81, and 84, where Plaintiff alleges, on "information and belief," that his "repeated requests and grievances about the lighting of his cell and its adverse effects on him have been communicated to Chief Romanelli (as the administrator of the Jail)"; that "Romanelli . . . maintains the express policy of illuminating inmates' cells twenty-four hours a day, which deprive Mr. Smith of adequate sleep, injured his vision, and caused him to endure more frequent and severe migraines—all over a course of many months"; and that Romanelli knew the effect this policy had on Plaintiff "and was deliberately indifferent to the severe physical pain, injury, and prolonged sleep deprivation it inflicted." [31] ¶¶ 41, 81, 84.

Defendants argue that section 1983 does not recognize a cause of action based upon a prison official's grievance denials. [44] at 6. True, ignoring grievances does not generally give rise to a section 1983 claim; yet a prison official can nonetheless be liable under section 1983 "for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance procedure." *Johnson v. Ill. Dep't of Corr.*, No. 15-CV-5715, 2015 WL 7889033, at *2 (N.D. Ill. Dec. 3, 2015) (quoting *Blankenship v. Kittle*, No. 03 C 3573, 2003 WL 22048712, at *3 (N.D. Ill. Aug. 6, 2003)). Plaintiff asserts that Romanelli had actual knowledge of Plaintiff's

7

migraines through Plaintiff's grievances, and that despite this knowledge, Romanelli persisted in implementing the twenty-four hour illumination of his cell. This suffices to establish Romanelli's personal involvement at the pleadings stage. *See Henneberg v. Dart*, No. 19 C 7380, 2021 WL 3883081, at *2 (N.D. Ill. Aug. 31, 2021) (holding that the plaintiff adequately alleged personal involvement against an official who, through grievances the plaintiff allegedly sent, learned of the plaintiff's serious medical needs but disregarded them); *Potts v. Manos*, No. 11 C 3952, 2013 WL 5968930, at *4 (N.D. Ill. Nov. 7, 2013) (ruling that allegations that the Cook County sheriff had actual knowledge of the plaintiff's abuse and took no action to protect him sufficed to allege personal involvement).

Defendants also contend that section 1983 imposes no liability on non-medical officials like Romanelli who defer to Plaintiff's medical treaters. [44] at 7. While true that non-medical officials may reasonably defer to the judgment of medical professions regarding inmate treatment, *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 50 (2019), they cannot "simply ignore an inmate's plight," and thus remain liable if Plaintiff demonstrates that a "communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety,'" *Arnett v. Webster*, 658 F.3d 742, 755–56 (7th Cir. 2011) (quoting *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)). Here, Plaintiff alleges that Romanelli ignored his complaints about the lighting and the deleterious effects it had on his migraines. This sufficiently

8

establishes, for pleading purposes, that Romanelli turned a blind eye to Plaintiff's complaints despite knowing of an excessive risk to Plaintiff's health.

Additionally, this Court rejects Defendants' suggestion that Plaintiff's allegations "on information and belief" are insufficiently vague to state a claim. [44] at 6. That Plaintiff can only allege something "on information and belief" is "understandable at this point in the litigation." *Potts*, 2013 WL 5968930, at *4.

### C. *Monell* Allegations

Defendants also move to dismiss Plaintiff's official-capacity section 1983 allegations brought pursuant to *Monell v. Department of Social Services*, 436 U.S. 668, 680 (1978). To state a *Monell* claim, Plaintiff must plausibly allege: (1) he has suffered the deprivation of a constitutional right; and (2) an official custom or policy of defendant caused that deprivation. *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021).

Defendants focus upon the second prong of the *Monell* analysis, arguing that Plaintiff's allegations concerning official policies are too conclusory. [44] at 8–10. The Seventh Circuit has, however, instructed courts to avoid applying a heightened pleading standard to *Monell* claims. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016). Courts therefore allow *Monell* claims based upon "conclusory allegations that a policy or practice existed" to proceed, "so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Dadej v. Cook Cty. Sheriff*, No. 19 C 1972, 2021 WL 3419483, at *2 (N.D. Ill. Aug. 5, 2021) (quoting *Rodriguez v.*

*Mohammad*, 2020 WL 5800816, at *3 (N.D. Ill. Sept. 29, 2020)); *see also Nicholson v. Kramer*, No. 18-CV-3274, 2021 WL 3367168, at *6 (N.D. Ill. Aug. 2, 2021).

Here, Plaintiff alleges that there exists a "permanent and well-settled practice of delaying accommodations to disabled inmates," [31] ¶ 63, an "express policy of delaying and/or denying reasonable mental health treatment to inmates," *id.* ¶ 71, an "express policy of illuminating inmates' cells twenty-four hours a day," *id.* ¶¶ 80–81, and a policy of giving non-halal, reduced-size meals to Muslim inmates, *id.* ¶ 118. These assertions sufficiently put Defendants on notice of the alleged wrongdoing upon which Plaintiff bases his *Monell* claims. *See Dadej*, 2021 WL 3419483, at *2.

This Court similarly rejects Defendants' argument that Plaintiff cannot rely solely upon his personal experience as a basis for his *Monell* claim. *Contra* [44] at 10. At the pleadings stage, Plaintiff is "not required to identify every other or even one other individual" that suffered an injury caused by Defendants' unconstitutional policies or practices. *White*, 829 F.3d at 844; *see also Zavala v. Damon*, No. 17 C 3042, 2018 WL 3438945, at *3 (N.D. Ill. July 17, 2018) (ruling at the motion to dismiss stage that "a plaintiff may rely solely on his own experience to state a *Monell* claim rather than having to plead examples of other individuals' experiences").

For these reasons, this Court declines to dismiss Plaintiff's claims to the extent brought pursuant to *Monell*.

**D.     ADA and Rehabilitation Act Claims**

Defendants next move to dismiss Plaintiff's ADA and Rehabilitation Act claims. Because the analysis governing each statute "is functionally identical," courts consider claims brought under both Acts together. *King v. Hendricks Cty. Comm'rs*, 954 F.3d 981, 988 (7th Cir. 2020) (quoting *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)).

Defendants argue that Plaintiff's claims fail because he does not allege intentional discrimination. [44] at 12. Not so. The ADA and Rehabilitation Act recognize three different but independent theories of relief: (1) intentional discrimination, (2) a refusal to provide a reasonable accommodation, or (3) enforcement of rules that disproportionally impact disabled people. *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006); *Thurmon v. Mount Carmel High Sch.*, 191 F. Supp. 3d 894, 898 (N.D. Ill. 2016). Alleging intentional discrimination is but one way of stating claims under the ADA and Rehabilitation Act. Failure to provide reasonable accommodations constitutes an "independent basis of liability under the ADA." *Wis. Cmty. Servs.*, 465 F.3d at 753. And here, Plaintiff bases his claims, at least in part, upon allegations that Defendants failed to provide him a reasonable accommodation such that he was denied equal access to the Jail's facilities, programs, and services, including the toilet, drinking water, personal hygiene, and a suitable bed. [31] at ¶¶ 91, 93. He therefore need not have also alleged intentional discrimination.

Defendants also emphasize that Plaintiff's allegations make clear that he *can* access programs, activities, and amenities, he just cannot do so "without aggravating his arthritis pain." [44] at 12. According to Defendants, an "arthritic patient's having difficulty moving about and using the facilities is a normal and expected consequence of human aging," and cannot form the basis of statutory or constitutional claims. *Id.* Again, not so. The relevant question for a failure-to-accommodate claim is whether the "refusal to accommodate [Plaintiff]'s disability kept him from accessing [the programs, activities and amenities] *on the same basis as other inmates.*" *Jaros*, 684 F.3d at 672 (emphasis added). Plaintiff alleges that he experiences "severe arthritis" and that the jail has denied him consistent use of a wheelchair and a cell with appropriate accommodations such as a higher toilet seat, an easier-to-operate faucet, and a better bed. [31] ¶¶ 16, 22–24, 26. These allegations raise an inference that Plaintiff lacked access to critical services—such as toileting—on the same basis as other more able-bodied inmates. Plaintiff thus sufficiently pleads a cognizable theory of relief under both the ADA and Rehabilitation Act. *See Bramlett v. Dart*, No. 14 C 5939, 2015 WL 4148711, at *3 (N.D. Ill. July 9, 2015) (denying a motion to dismiss where the plaintiff pled that the defendants denied him "access to critical services . . . on the same basis as other inmates").

### E.  RLUIPA and First Amendment Claims

Finally, this Court considers Plaintiff's RLUIPA and First Amendment claims based upon the jail's alleged failure to provide him full-sized, halal meals after sundown during Ramadan.

Under the RLUIPA, the Sheriff cannot "impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the [Sheriff] demonstrates that [it] . . . (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1. Defendants argue that Plaintiff cannot establish "substantial burden" by merely alleging that the Sheriff failed to provide a halal meal; Plaintiff must, as Defendants argue, allege an affirmative act. [44] at 15. The law, however, does not require an affirmative act. In the RLUIPA context, when "the state forces a prisoner to choose between adequate nutrition and religious practice, it is imposing a substantial burden on his religious practice." *Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019). Plaintiff alleges that he sincerely holds Muslim beliefs; that those beliefs require him to eat only halal foods and to abstain from eating until sundown during Ramadan; and that, although the Sheriff permitted him to eat after sundown, Plaintiff did not receive either a full-sized portion or halal food. [31] ¶¶ 50–51. Thus, if Plaintiff chose to eat before sundown, he would receive a full-sized meal but violate his religious belief to fast until sundown; if, on the other hand, he ate after sundown, he would violate his religious beliefs in another way—by eating non-halal foods—and face the additional risk of malnutrition. These allegations more than sufficiently plead that the Sheriff substantially burdened Plaintiff's religious exercise under the RLUIPA.

For similar reasons, this Court declines to dismiss Plaintiff's First Amendment claim. Like the RLUIPA, the First Amendment inquiry "asks whether [the]

government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden." *Saleh v. Pfister*, No. 18 C 1812, 2021 WL 271233, at *1 (N.D. Ill. Jan. 27, 2021) (quoting *Hernandez v. C.I.R.,* 490 U.S. 680, 699 (1989)). In the First Amendment context, a "substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (internal quotation marks and citation omitted). As discussed above, Plaintiff alleges being forced to choose between two alternatives during Ramadan (eating before or after sundown), and that either choice constrained his religious practice. These allegations plausibly plead substantial burden under the First Amendment. *Id.*

## IV. Conclusion

For the stated reasons, this Court grants in part and denies in part Defendants' motion to dismiss [44]. This Court grants the motion as to the DuPage County Jail and dismisses the DuPage County Jail as a defendant from this case. The motion is otherwise denied. In addition, this Court dismisses Defendant Marcelo from Count IV, as she is not a proper defendant for Plaintiff's ADA claim.

E N T E R:

Dated: September 23, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

14